IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| MUGWORLD, INC., | § § | |
| Plaintiff/Counter-Defendant, | § § | CASE NO. 4:05cv441 |
| v. | § § | |
| G.G. MARCK & ASSOCIATES, INC., | § § | |
| Defendant/Counter-Plaintiff. | § § | |

## ORDER DENYING DEFENDANT'S MOTION FOR PROTECTIVE ORDER

On this day came to be considered Defendant's Motion for Protective Order (Dkt. 82). Having considered the motion and Plaintiff's response, this court is of the opinion that the motion should be denied.

Mugworld, Inc. ("Mugworld") filed this suit against G.G. Marck & Associates, Inc. ("Marck") alleging breach of contract relating to the manufacture and supply of ceramic mugs. Marck subsequently filed a counterclaim against Mugworld alleging that Mugworld violated the Lanham Act and Tariff Act in its use of imported mugs.

In its motion, Marck seeks protection of a two-page email chain it produced to Mugworld during the course of litigation. Marck contends that it inadvertently produced the email without redacting certain purported trade secret information. Accordingly, Marck seeks to have the document designated as a confidential document pursuant to this court's Protective Order, which was entered after the email was produced to Mugworld.

The email Marck seeks to designate as confidential was produced in discovery on or about January 19, 2006. Mugworld then used the email as an exhibit during the deposition of Gary Marck

on October 19, 2006. Marck did not object or otherwise note the sensitive nature of the document at that deposition. Indeed, Marck did not seek to designate the document as confidential until the filing of this motion in February 2007.

The Protective Order entered by this court on November 1, 2006 specifically states that no document, other than Purchase Orders, exchanged prior to October 27, 2006 can be designated as confidential under the agreement. *See* Agreed Protective Order (Dkt. 53) at ¶4. Because this term was specifically agreed to by the parties and incorporated into this court's order, the court declines to find that the Protective Order already in place applies to this document.

However, upon a showing of good cause, this court has broad discretion to enter a protective order to protect or limit the disclosure of a trade secret or other confidential information. FED. R. CIV. P. 26(c)(7). Here, Marck seeks protection of a list of chemicals used in the manufacture of one of its sublimation coatings, alleging that this information – contained in the subject email chain – is a trade secret. To determine whether a trade secret exists, Texas courts apply a six-factor test: (1) the extent to which the information is known outside of the claimants's business; (2) the extent to which it is known by employees and others involved in the claimant's business; (3) the extent of the measures taken to guard the secrecy of the information; (4) the value of the information to the claimant and his competitors; the amount of effort or money expended by the claimant in developing the information; and (6) the ease or difficulty with which the information could be properly acquired or duplicated by others. *Triple Tee Golf, Inc. v. Nike, Inc.*, 485 F.3d 253, 267 (5th Cir. 2007).

Marck has not shown how the coating information at issue here fits the criteria of a trade secret. Specifically, there is no indication that the ingredients and the email containing them were intended to be kept secret at all. In fact, the face of the email indicates that the coating ingredients

were disclosed to Bob Elliot with a company called Cactus Coatings. The communication was clearly made to an individual outside Marck. With such a disclosure, the contents of the email were not treated as secret.

The court further finds that, even if the ingredients could be defined as trade secrets despite their disclosure to those outside Marck, Marck's delay in raising any objection to the disclosure of the information contained in the email has waived any grounds to afford them the protection of a confidential designation in this case.

To determine whether a privilege has been waived as a result of inadvertent disclosure of materials, courts in this circuit look to the following factors: (1) the reasonableness of precautions taken to prevent disclosure; (2) the amount of time taken to remedy the error; (3) the scope of discovery; (4) the extent of the disclosure; and (5) the overriding issue of fairness. *Ferko v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 218 F.R.D. 125, 135 (E.D. Tex. 2003) (citing *Alldread v. City of Grenada,* 988 F.2d 1425, 1434 (5th Cir.1993)). No factor is determinative, and courts must "consider the circumstances surrounding a disclosure on a case-by-case basis." *Id.* Applying these factors to the email produced by Marck, it is clear that any claim of trade secret privilege has been waived. Marck waited more than four months after learning of its disclosure to seek protection and failed to otherwise secure its purportedly confidential nature after learning of its disclosure. Therefore, even if the document contained information protected by a trade secret, that ground for protection has been waived as a result of Marck's delay. *See Allread*, 988 F.2d at 1434; *see also* TEX. R. CIV. P. 193.3(d) (indicating that, under Texas law, parties only have 10 days to snap back privileged information which is inadvertently produced to the other side).

Because the circumstances surrounding the disclosure do not clearly demonstrate that trade secret protection is warranted, this court **DENIES** Defendant's Motion for Protective Order.

**IT IS SO ORDERED.**

**SIGNED this the 14th day of June, 2007.**

_____
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE