**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| MUGWORLD, INC., | § | |
| | § | |
| Plaintiff/Counter-Defendant, | § | |
| | § | CASE NO.  4:05cv441 |
| v. | § | |
| | § | |
| G.G.  MARCK & ASSOCIATES,  INC., | § | |
| | § | |
| Defendant/Counter-Plaintiff. | § | |

**ORDER DENYING PLAINTIFF'S MOTION TO COMPEL**
**PRODUCTION OF DEPOSITION TESTIMONY OF EXPERT GARY MARCK**

On this day came to be considered Plaintiff Mugworld Inc.'s Motion to Compel Production of Deposition Testimony of Expert Gary Marck (Dkt. No. 131).  Having considered the motion, Defendant's response, Plaintiff's reply, and Defendant's surreply,  this court is of the opinion that the motion should be denied.

**Background**

Mugworld, Inc. ("Mugworld") filed this suit against G.G. Marck & Associates, Inc. ("Marck") alleging breach of contract relating to the manufacture and supply of ceramic mugs. Marck subsequently filed a counterclaim against Mugworld alleging that Mugworld violated the Lanham and Tariff Acts in its use of imported mugs.

Marck has designated its president, Gary Marck, as an expert witness.  Gary Marck was also deposed in connection with a lawsuit pending in the Northern District of Ohio.  Mugworld now seeks an order from this court ordering Marck to produce a copy of the Ohio Deposition.  In response, Marck has objected to the production of the deposition, arguing that it is protected from disclosure

1

by a protective order entered by the U. S. District Court for the Northern District of Ohio.

## Analysis

Mugworld argues that Marck is required to produce Gary Marck's prior deposition testimony because of its duties of disclosure and supplementation under Federal Rule of Civil Procedure 26. Those duties do not apply, however, to the deposition testimony Mugworld seeks. *See* FED. R. CIV. P. 26(a)(2), (e). Although parties are required to supplement any expert deposition testimony in this case, the rules do not contemplate that parties will be automatically required to provide testimony from all cases in which the expert has offered testimony. *See* FED. R. CIV. P. 26(e)(1) (duty to supplement extends to "information provided through a deposition of the expert"). Indeed, even in its expansion on Federal Rule 26(a)(2)(B)'s requirement that parties disclose a *listing* of other cases in which the expert has offered testimony, this court's Local Rule CV-26 only requires that parties disclose "the styles of the cases, the courts in which the cases were pending, the cause numbers, and whether the testimony was in trial or deposition." E.D. TEX. L.R. CV-26(b)(1). The rule says nothing about producing copies of *all* deposition or trial testimony given by the expert. Therefore, Mugworld's request is not, as it suggests, an automatic right under Marck's disclosure and supplementation duties. And whether the material is discoverable is within the discretion of this Court. *See* FED. R. CIV. P. 26(b); *Munoz v. Orr*, 200 F.3d 291, 305 (5th Cir. 2000).

A review of the protective order produced by Marck indicates that the deposition testimony cannot be disclosed without leave from the issuing court in Ohio. As Marck has recognized, it is well-settled that "[t]he need for comity is not to be downplayed." *Holland v. Summit Tech., Inc.*, 2001 WL 1132030, *4 (E.D. La. 2001) (citing *Dushkin Publ'g Group, Inc. v. Kinko's Serv. Corp.,* 136 F.R.D. 334, 335-36 (D.D.C.1991)). While courts may vacate protective orders issued by another

court where the case has been closed or otherwise dismissed, *see Tucker v. Ohtsu Tire & Rubber Co., Ltd.*, 191 F.R.D. 495, 501 (D. Md. 2000) and *LeBlanc v. Broyhill*, 123 F.R.D. 527, 530 (W.D. N.C. 1988), when the other matter is ongoing, courts have held that any request necessitating the modification of the protective order be directed to the issuing court. *Dushkin*, 136 F.R.D. at 335-36 (the "request should be addressed to the issuing court in the Southern District of New York"); *Holland*, 2001 WL 1132030 at *4 ("there presumably is nothing stopping the Plaintiffs from intervening in the MDL to seek modification of the MDL protective order under Federal Rule of Civil Procedure 24(c)"). Therefore, this court finds that Mugworld must direct any request for disclosure of Gary Marck's deposition testimony to the Ohio court. This court declines to disregard the order of another court, especially when Mugworld has not yet sought any relief from the issuing court itself.

      **IT IS THEREFORE ORDERED** that Plaintiff Mugworld's Motion to Compel Production of Deposition Testimony of Expert Gary Marck (Dkt. No. 131) be **DENIED.**

      **IT IS SO ORDERED.**

      **SIGNED this the 14th day of June, 2007.**

_____
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE