IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| MUGWORLD, INC., | § | |
| | § | |
| Plaintiff/Counter-Defendant, | § | |
| | § | CASE NO. 4:05cv441 |
| v. | § | |
| | § | |
| G.G. MARCK & ASSOCIATES, INC., | § | |
| | § | |
| Defendant/Counter-Plaintiff. | § | |

**ORDER ON PLAINTIFF'S MOTION TO EXCLUDE TESTIMONY OF
DEFENDANT'S EXPERT WITNESSES**

On July 9, 2007, the court held an evidentiary hearing on Plaintiff Mugworld's Motion to Exclude the Testimony of Defendant's Experts, Gary Marck, Robert Elliot, Kerry Turner, and Harry Wu (Dkt. 93).

After considering the evidence presented and arguments of counsel, and for the reasons set forth more fully below and on the record at the hearing, the court rules as follows: the court GRANTS Mugworld's Motion to Exclude the Expert Testimony of Harry Wu; the court DENIES Mugworld's Motion to Exclude the Expert Testimony of Kerry Turner; the court GRANTS Mugworld's Motion to Exclude the Expert Testimony of Robert Elliot; and the court GRANTS Mugworld's Motion to Exclude the Expert Testimony of Gary Marck.

LEGAL STANDARD

While the district court must act as a gatekeeper to exclude all unreliable expert testimony, "the rejection of expert testimony is the exception rather than the rule." FED. R. EVID. 702 advisory committee's notes (2000) (citing *Daubert v. Merrell Dow Pharm., Inc.,* 509 U.S. 579, 113 S. Ct.

1

2786, 2796-97, 125 L.Ed.2d 469 (1993); *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 119 S. Ct. 1167, 143 L.Ed.2d 238 (1999)). Rule 702 of the Federal Rules of Evidence governs the admissibility of expert testimony. Expert testimony is admissible only if the proponent demonstrates that: (1) the expert is qualified; (2) the evidence is relevant to the case; and (3) the evidence is reliable. *Watkins v. Telsmith, Inc.*, 121 F.3d 984, 988-89 (5th Cir.1997).

In this case, Mugworld's challenge to Marck's experts primarily focuses on the reliability of their opinions. To be reliable and therefore admissible under Rule 702 of the Federal Rules of Evidence, expert testimony as to a scientific, technical, or other specialized area must: (1) assist the trier of fact to understand the evidence or to determine a fact in issue; (2) be based upon sufficient facts or data; (3) be the product of reliable principles and methods; (4) and have reliably applied the principles and methods to the facts. FED. R. EVID. 702. In evaluating the scientific validity or reliability of expert testimony, the Court in *Daubert* noted some non-exclusive factors for the district court to consider: (1) whether the theory or technique has been tested; (2) whether the theory or technique has been subjected to peer review and publication; (3) the known or potential rate of error of the method used; (4) the existence and maintenance of standards and controls in the methodology; and (5) whether the theory or method has been generally accepted by the scientific community. *Daubert,* 509 U.S. at 593-94, 113 S. Ct. at 2796-97. While a court may consider the factors outlined in *Daubert*, the test of reliability is flexible and *Daubert*'s list of factors may not apply to experts in every case. *Kumho Tire Co.*, 526 U.S. at 141, 119 S. Ct. at 1171. Thus, in light of the relatively novel area of sublimation and mug coating at issue here, if necessary, the court can go beyond the traditional *Daubert* factors to determine the reliability of the challenged experts' testimony.

## ANALYSIS

Mugworld has challenged the admissibility of the testimony of four of Marck's experts: Harry Wu, Kerry Turner, Robert Elliot, and Gary Marck. An application of Rule 702 to each expert's testimony follows.

**<u>Harry Wu</u>**

Harry Wu is the executive director of the Laogai Research Foundation, which researches prison and forced labor issues. Wu has been offered in support of Marck's allegation that Mugworld purchased imported mugs that were created through forced labor from another blankware supplier, Peng. Essentially, Wu has opined that, based on a review of photographs, he believes that Mugworld purchased mugs from Peng that were manufactured in a facility that is a front for a Chinese prison labor camp.

The court finds that Wu is qualified to give expert testimony on forced prison labor in China. He has the requisite skill, knowledge, experience, and education to offer such testimony. However, Wu's methodology regarding the formation of his opinion that Mugworld purchased mugs from Peng which were produced in forced Chinese labor camps is not sound and is therefore unreliable. Expert testimony must be the product of reliable principles and methodology in order to be admissible. FED. R. CIV. P. 702. Wu testified that he based his opinion regarding Mugworld's purchase of mugs on information from unidentified informants inside China, whose reliability has not been tested. Further, Wu stated that he cannot opine with certainty whether any mugs Mugworld bought from Peng or any of Peng's companies were made with prison labor, making his testimony irrelevant to the allegations at hand. As to Wu's other proposed testimony, the court finds that Wu

3

is not qualified to offer an expert opinion on whether Mugworld violated the Lanham Act by misrepresenting its standing with the Licensing Resource Group, also know as the LRG. For these reasons, Mugworld's Motion to Exclude the Testimony of Harry Wu is GRANTED.

**Kerry Turner**

Kerry Turner is the Vice-President of Sales and Marketing for Numo Manufacturing, which is in the mug and glassware sublimation business. Marck has designated Turner to offer expert testimony in three general areas: (1) the labeling of mugs and the effects of an LRG label and requirements of an LRG affiliation; (2) the proper temperature reduction of mugs and whether improper cooling can result in scratching; and (3) the commercial acceptability and quality of the Marck mugs used by Numo Manufacturing in its business.

Turner testified that he has been in the glassware and ceramics industry for more than 30 years. He works regularly on the floor of the Numo Manufacturing plant and supervises the decoration of ceramic mugs. Further, Turner testified that he is generally the first person contacted when there are problems during the sublimation or decoration process at Numo Manufacturing.

As to the facts of this case specifically, Turner testified that Numo Manufacturing purchased from Marck some of the mugs that Mugworld rejected. According to Turner, all of these mugs were of a commercially acceptable quality and accepted the color transfers applied by Numo Manufacturing during the sublimation process. Turner's testimony, coupled with sales records to be offered by Marck at trial, will purportedly indicate that Numo purchased from Marck, decorated, and sold approximately 5,000 of the mugs rejected by Mugworld.

The court finds that Turner is qualified to testify as an expert about commercial quality of mugs and specifically the mugs he purchased from Marck after Mugworld returned them. Further, the court finds that Turner's expert opinion as to Numo Manufacturing's use of Marck's mugs and the commercial acceptability of the 5,000 mugs rejected by Mugworld is reliable and relevant to the issues in this case. Further, the court finds that Turner is qualified to offer testimony about the causes of scratches and cracking in the mugs coating,[1] and this testimony is reliable and relevant to the claims in this case. Therefore, Mugworld's Motion to Exclude the Expert Testimony of Kerry Turner as to (1) commercial acceptability of mugs (topic I (c) of Turner's report) and (2) proper temperature reduction of mugs (topic I (b) of Turner's report) is DENIED. The court reserves any ruling on Mugworld's challenge of Turner's testimony regarding the improper labeling of mugs and the impact and requirements of an LRG affiliation (topic I (a) of Turner's report) until a later date.

**Robert Elliot**

Robert Elliot is a sales associate for Defendant Marck & Associates. He has been in the sublimation industry since 1989 and, prior to joining Marck, formed a coating company where his job duties included the formulation and testing of mug coatings and the implementation of a coating spray line. Marck has offered Elliot to testify about his opinion regarding the defects contained in the mugs returned by Mugworld and whether these defects rendered the mugs commercially unacceptable for sublimation. Elliot testified that he examined 400 to 600 of the 150,000 mugs returned by Mugworld for defects and that, of those he examined, only 1-2% contained defects that would make them commercially unacceptable.

---

[1] The court finds that the phrase "cracking and/or breaking" as used by Turner in his expert reports includes scratching on the mugs.

The court finds that Elliot is qualified to offer expert testimony as to the sublimation and coating process. He has significant experience and training in the sublimation and coating industry. As to his specific inspection of the mugs returned by Mugworld, however, the court finds that Elliot's methodology is not sufficiently reliable to satisfy the *Daubert* standard.

The *Daubert* analysis focuses on the reasoning or methodology employed by the expert, not the ultimate conclusion. *Watkins*, 121 F.3d at 989. Thus, Elliot's sampling process is critical to the admissibility of his opinion. "Whether or not a sample is too small to yield statistically meaningful results ... must be determined on a case-by-case basis." *Anderson v. Douglas & Lomason Co., Inc.*, 26 F.3d 1277, 1288 (5th Cir. 1994). In this case, the court finds that Elliot's sampling of the returned Marck mugs was not statistically significant. His opinions are based on an examination of, at most, 600 mugs out of a total of 150,000. This constitutes four-tenths of 1% of the actual amount returned. The court cannot find that conclusions based on four-tenths of 1% are reliable or representative of the entire shipment. Therefore, the court GRANTS Mugworld's Motion to Exclude the Expert Testimony of Robert Elliot.

**Gary Marck**

Gary Marck is the owner of Defendant Marck & Associates. Gary Marck has been designated to offer expert testimony on a variety of topics, including whether the mugs returned by Mugworld were of a commercially acceptable quality and the potential causes, detection, and effects of the alleged defects in Marck's mugs. Marck reviewed a portion of the mugs returned by Mugworld and concluded that the majority of them were commercially acceptable for sublimation. Marck further testified that many of the defects of which Mugworld complained were either caused

by Mugworld's processing or would not be discernable once the mugs were decorated and that they were therefore in commercially acceptable condition when sold to Mugworld. In addition to commercial acceptability, Gary Marck also testified about his visits to Marck's Chinese manufacturing facilities, his observation of Chinese prisons, and the labeling and importation of Chinese goods.

The court finds that Gary Marck is qualified to offer expert testimony regarding the commercial acceptability of mugs and the sublimation process. Marck testified that he has been in the ceramics and decorating industry for approximately 35 years, and his testimony evidenced clear qualifications to offer expertise in this area.

However, as with Elliot, the court finds that the methodology behind Gary Marck's conclusion that the mugs Mugworld returned to Marck were commercially acceptable for sublimation is not reliable. The percentage of the 150,000 returned mugs he and his staff examined constituted an insufficient percentage of the total mugs purchased and returned by Mugworld and therefore there is insufficient data upon which to base any conclusions pertaining to the entire batch of mugs sold to Mugworld. *See* FED. R. CIV. P. 702. Therefore, the court GRANTS Mugworld's Motion to Exclude the Expert Testimony of Gary Marck.

The court reserves any ruling on Gary Marck's proffered expert opinions relating to the Licensing Resource Group (or LRG), its licensing procedures and requirements, the manufacture of mugs through prison labor and the effects on the market thereof, and the shipping of overweight containers and corresponding tariffs. The court will rule on the admissibility of any such testimony as necessary.

The Court notes that its ruling does not prevent Gary Marck and Robert Elliott from testifying in this case as both work at Marck and have personal knowledge of facts relevant to this case. *See* FED. R. EVID. 701 (lay witness opinion testimony is admissible if it is (a) rationally based on the perception of the witness and (b) helpful to a clear understanding of the witness's testimony or the determination of a fact in issue). "Indeed, an officer or employee of a corporation may testify to industry practices and pricing without qualifying as an expert." *Texas A&M Research Found. v. Magna Transp., Inc.*, 338 F.3d 394, 403 (5th Cir. 2003). The court's order goes to the admissibility of their expert opinions alone, and the court rules that Gary Marck and Robert Elliot may not offer conclusory expert testimony regarding the commercial acceptability of the mugs Mugworld returned to Marck.

IT IS SO ORDERED.

**SIGNED this the 23rd day of August, 2007.**

*/s/ Richard A. Schell*
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE