# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| MUGWORLD, INC., | § | |
| | § | |
| Plaintiff/Counter-Defendant, | § | |
| | § | CASE NO. 4:05cv441 |
| v. | § | |
| | § | |
| G.G. MARCK & ASSOCIATES, INC., | § | |
| | § | |
| Defendant/Counter-Plaintiff. | § | |

## ORDER REGARDING AWARD OF ATTORNEY'S FEES

The court has considered Plaintiff Mugworld, Inc.'s Notice of Rule 54 Submission (Dkt. 218) and the related pleadings. Based upon the discussion on the record at the conclusion of the presentation of the evidence in this matter and subsequent briefing submitted by the parties, the court finds that Mugworld is entitled to an award of attorney's fees.

The court has reviewed the parties' submissions regarding the amount of attorney's fees. The Motion to Strike the Affidavit of Bryan Burg (Dkt. 229) and Marck's Motion to Strike (*see* Dkts. 228 and 230) are DENIED. The court has considered all the expert testimony presented by the parties in making its determination regarding attorney's fees.

The gravamen of Marck's objection is that Mugworld is only entitled to fees for its breach of contract claim, and specifically its novation claim, and that these fees have not been properly segregated from those legal services for which Mugworld is not entitled a fee award. In Texas, a claimant must segregate recoverable from unrecoverable attorney's fees if any fees relate solely to

1

a claim for which such fees are unrecoverable. *Tony Gullo Motors v. Chapa*, 212 S.W.3d 299, 313 (Tex. 2006). However, "when discrete legal services advance both a recoverable and unrecoverable claim that they are so intertwined," the fees need not be segregated. *Id.*; *see also Navigant Consulting, Inc. v. Wilkinson*, 508 F.3d 277, 297-99 (5th Cir. 2007).

The determination of the amount of reasonable attorney's fees is a question for the trier of fact, which in this case is the court. *Navigant Consulting, Inc.*, 508 F.3d at 298. Having reviewed the record before it, the court finds that Mugworld's attorney's fees expert properly applied this standard to the facts here, finding that some fees could be segregated as unrecoverable and some fees were related to inextricably intertwined issues such that they could not be segregated. Marck has not cited to any governing authority to support its argument that the court is required to segregate any fees incurred as to the novation issue from other fees relating to Mugworld's breach of contract claim, and the court finds that such intra-claim segregation has not been mandated by Texas courts and is not warranted here.

Therefore, having reviewed all the information before it as to the segregation of fees, the court finds that an award of attorney's fees in the amount of $263,625 is reasonable in light of the services provided. The court notes that many of Mugworld's attorney's fees are attributable to time spent responding to or reviewing voluminous and often redundant pleadings and motions filed by Marck.

Further, having considered Mugworld's Motion to Supplement its Attorney's Fees Request for Post-Trial Matters (Dkt. 234), the court finds it should be GRANTED in part. The court finds

2

that Mugworld is entitled to an additional award of $5,000 for the attorney's fees incurred as a result of the post-trial motions already submitted by Marck.

Finally, the court finds that a reasonable fee in the event of an appeal to the Fifth Circuit Court of Appeals a would be $22,500, and, if appealed to the United States Supreme Court, a reasonable attorney's fee would be $22,500.

**IT IS SO ORDERED.**

**SIGNED this the 18th day of September, 2008.**

_____
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE